# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 360

### JOHN WEENIK & SONS v. HORBALLY et al

Ohio Appeals, 8th Dist., Cuyahoga county
No. 4979. Decided April 25, 1924

27. ACTION—Suit under mechanic's lien law is commenced when summons is issued within statutory period, and service properly follows.

VICKERY, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

Weenik Co. did some work on Horbally's property and filed mechanic's lien. Horbally served notice to bring suit on the lien under the statute which requires suit to be brought within 60 days upon notice being given. Suit was begun within 60 days and a precipe of summons was filed against Horbally but no service was had. Later a lien claimant filed a cross-petition and scured service on Horbally. The later then filed an answer in which it was averred that he came in for the sole purpose of answering the cross-petition and not intending to enter his appearance. The trial court decided for Horbally. In affirming the judgment, the Court of Appeals held:

1. "Suit is commenced under our statutes when a summons has been issued within the statutory period, if it is followed by service within 60 days thereafter, unless such service is prevented by some of the exceptions set up in the statute, none of which appear in this case."

2. By filing an answer and providing that their appearance was not entered generally, Horballys were not in court generally and did not enter their appearance so that plaintiff could avail itself of it.

Attorneys—A. P. Gustafson, for Weenik & Sons Co.; Niman, Grossman, Buss & Holliday, for Horbally, all of Cleveland.

No. 361

### GRADY v. STATE

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5318. Decided April 25, 1924

313. CRIMINAL LAW—Conviction of manslaughter, by unlawfully striking pedestrian with automobile, held not manifestly against weight of evidence—Conviction held not contrary to law under facts of case.

VICKERY, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

Grady was indicted and convicted for manslaughter. The evidence was in conflict as to the speed at which he was going at the time of the accident. There was ample evidence on the part of the State to show that he was going from 30 to 35 miles per hour, while the defendant's witnesses testified that he was going about 19 miles per hour. It was up a grade at the point, and the evidence also disclosed that he was going so fast when he struck the gate of a draw-bridge that it broke an iron pin and struck the bridge tender and knocked him 17 or 18 feet in the air. The accused was going up grade at the time. Two grounds of error were alleged why the case should be reversed, namely, that the conviction was contrary to the weight of the evidence and contrary to law. In sustaining the judgment of the lower court, the Court of Appeals held:

1. That the conviction was not so manifestly against the weight of the evidence that it would justify a reviewing court in disturbing the same.

2. That the judgment was not contrary to law.

Attorneys not given.